FILED VIA MAIL

OCT 1 8 2004

CLERK U.S. BANKRUPTCY
ORLANDO, FLORIDA

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In Re:                                                                       Case No. 04-08073 ABB

Christine Victoria Martin

    Debtor(s).
_____/

## REAFFIRMATION AGREEMENT

The undersigned individual(s), (herein "Debtor(s)"), currently a Debtor or Debtor(s) under Chapter 7 of the United States Bankruptcy Code, is/are indebted to the Space Coast Credit Union ("Creditor") as evidenced by that certain promissory note/installment sale contract/disclosure statement/security agreement/funds advance voucher dated December 12, 2002, by and between the Debtors and the Creditor (the "Loan Documents".) To secure payment of the obligation owing to the Creditor, the Debtor(s) granted the Creditor a security interest in certain property described as:

    **Lot 2, Block 2, Bennington Phase 1, Plat of Viera North**
    **P.U.D., Track E-2, according to the Plat thereof as recorded in Plat Book**
    **46, Pages 23 and 24, Public Records of Brevard County, Florida.**

Which has the address of **1853 Surrey Court, Viera, Fl. 32955**. In consideration of the Debtor(s) being permitted to maintain possession or control of the Collateral pledged to the Creditor, the Debtor(s) agree(s) as follows:

    1. **REAFFIRMATION** - The Debtor(s) reaffirm(s), reassume(s) and agree(s) to pay to the Creditor, in accordance with the Loan Documents, the amount owed under the Loan Documents at the time of filing the petition initiating this case $190,014.45. The Debtor(s) further agree to be bound by the terms of the above, described Loan Documents. The parties agree that this agreement may be filed with the Bankruptcy Court immediately after its execution.

    2. **PERIODIC PAYMENTS** - Except as otherwise set forth in paragraph (3) below, the Debtor(s) agree(s) to commence monthly payments to the Creditor beginning with the first post petition payment due on October 1, 2004, 2004 and each month thereafter until the indebtedness is paid in full. In the event this agreement is rescinded by the Debtor(s), then any monthly payments made to Creditor, before rescission, will be kept by Creditor as adequate protection for the Debtor(s) continued use of the Collateral pledged to Creditor.

3. **PAST DUE PAYMENTS** - As of the date of filing this bankruptcy case, the debtor(s) owed the following payments under the loan documents: **N/A**  These payments will be paid as follows: **N/A**

4. **EFFECT OF RESCISSION** - If the Debtor(s) rescind(s) this agreement, then the Debtor(s) will be obligated for any payments required by this agreement prior to rescission. After rescission, the Debtor(s) agree(s) to immediately turn over to the Creditor the Collateral pledged to the Creditor.

5. **RESCISSION PERIOD** - THE DEBTOR(S) MAY RESCIND THIS AGREEMENT BY GIVING NOTICE TO THE CREDITOR AT ANY TIME PRIOR TO THE DISCHARGE HEARING OR SIXTY DAYS AFTER THIS AGREEMENT HAS BEEN FILED WITH THE COURT, WHICHEVER DATE IS LATER, BY PROVIDING NOTICE OF RESCISSION TO THE CREDITOR AT THE ADDRESS BELOW.

6. **VOLUNTARY AGREEMENT BY DEBTOR(S)** - THIS AGREEMENT IS NOT REQUIRED BY THE BANKRUPTCY CODE, NONBANKRUPTCY LAW, OR UNDER ANY AGREEMENT NOT IN ACCORDANCE WITH THE PROVISIONS OF SECTION 524(c) OF THE BANKRUPTCY CODE.

7. The Debtor(s) agree(s) that this agreement has been voluntarily entered into, and has been negotiated with the Creditor, and does not impose any undue hardship on the Debtor(s) or a dependent of the Debtor(s), and that the agreement is in the best interest of the Debtor(s).

Executed this __14__ day of __October__, 2004

Accepted and Agreed to:

SPACE COAST CREDIT UNION

_Christine Victoria Martin_
Christine Victoria Martin

_Nancy Falco_
Nancy Falco, Bankruptcy Specialist
Post Office Box 419002
Melbourne, Florida  32941

I, Sandra Valentin, Esq., attorney for the Debtor(s) in the above captioned Bankruptcy Case declare as follows:

A. I represented the Debtor(s) during the negotiation of the foregoing agreement and that said agreement represents a fully informed and voluntary agreement by the Debtor(s);

B. The agreement does not impose an undue hardship on the Debtor(s) or a dependent of the Debtor(s); and

C. I have fully advised the Debtor(s) of the legal effect and consequences of (i) entering into a reaffirmation agreement, and (ii) any default under such a reaffirmation agreement

10/8/04
Date

Sandra Valentin, Esq.